**Shirley DIETELBACH, Plaintiff–Appellant,**

v.

**OHIO EDISON COMPANY, Defendant–Appellee.**

No. 02–3422.

United States Court of Appeals, Sixth Circuit.

Sept. 19, 2003.

Shirley Dietelbach, Warren, OH, pro se.

Gary W. Spring, Paul L. Jackson, Roetzel & Andress, Akron, OH, for Defendant–Appellee.

Before BOGGS, NORRIS, and CLAY, Circuit Judges.

*ORDER*

Shirley Dietelbach, proceeding pro se, appeals a district court judgment dismissing her civil complaint filed pursuant to 29 U.S.C. § 1132. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking monetary relief, Dietelbach sued Ohio Edison Company (the Company) claiming that she was entitled to various benefits, including an enhanced pension, supplemental voluntary retirement pay, sick pay, disability pay, long term disability pay, and vacation pay. She argued that the Company's decision to deny these benefits was arbitrary and capricious. In April 2002, the trial court conducted a bench trial, and Dietelbach was represented by counsel. She voluntarily withdrew her claims that she was entitled to an enhanced pension, long term disability pay, vacation pay, holiday pay, incentive compensation and her claim for ERISA retaliation. Following the bench trial, the court granted judgment in favor of the Company as to Dietelbach's remaining claim that she was entitled to disability pay.

Dietelbach has filed a timely appeal, essentially arguing that: 1) the case had been settled prior to trial; 2) the Company improperly prevented her from exhausting her administrative remedies prior to trial; 3) the trial court abused its discretion by not finding that the Company had improperly denied her ERISA claim and her claim for long term disability pay; 4) the trial court improperly considered the testimony of the Company's manager of benefits administration (LaFleur); and 5) the trial court erred by not finding that the Company arbitrarily denied her claim for disability pay.

Initially, we conclude that Dietelbach incorrectly argues that the issues involved in

this case had been settled prior to trial. In support of this argument, she has attached a copy of a "draft" settlement agreement to her appellate brief. However, the document was clearly not signed by any of the parties. Moreover, the trial court previously denied Dietelbach's motion to enforce a settlement agreement. Hence, she has not established that the issues had been settled.

In addition, we conclude that Dietelbach incorrectly argues that the Company prevented her from exhausting her administrative remedies prior to trial. A review of the complaint establishes that Dietelbach acknowledged that she had exhausted the administrative remedies available to her under the plan. Second, Dietelbach had filed a previous lawsuit raising identical claims, and that the action had been dismissed for lack of exhaustion. Thereafter, Dietelbach filed an administrative appeal. Hence, it is simply not true that the Company prevented her from exhausting her administrative remedies.

Upon review, we conclude that the district court properly granted judgment in favor of the defendants. This court reviews for clear error the findings of fact made by a district court after a bench trial. *Lincoln Elec. Co. v. St. Paul Fire & Marine Ins. Co.*, 210 F.3d 672, 683 (6th Cir. 2000). Findings of fact, whether based on oral or documentary evidence, shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. Fed.R.Civ.P. 52(a). The district court's legal conclusions are reviewed de novo. *Lincoln Elec. Co.*, 210 F.3d at 683.

Initially, we note that Dietelbach is not entitled to challenge the dismissal of her ERISA claim or her claim for long term disability pay because she voluntarily withdrew these claims.

The district court properly considered LaFleur's testimony. This court cannot set aside a district court's findings of fact unless they are clearly erroneous and this court must give due regard to the opportunity of the trial court to judge the credibility of the witnesses. *See* Fed.R.Civ.P. 52(a). Indeed, Rule 52(a) demands great deference to the trial court's determinations regarding the credibility of witnesses. *Anderson v. Bessemer City,* 470 U.S. 564, 575, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985). When a district court's finding is based on the decision to credit the testimony of a witness, who has told a coherent and plausible story that is internally consistent and not contradicted by extrinsic evidence, that finding can virtually never be clear error. *Id.* Here, there is nothing in the record to indicate that the district court should not have relied on LaFleur's testimony. A review of the record reflects that LaFleur testified based upon the documents exchanged between the parties and the facts contained therein.

Finally, we conclude that the district court properly determined that the Company did not arbitrarily deny Dietelbach's claim for disability pay. Eligibility for ERISA benefits must be determined by looking at the applicable plan language. *Musto v. Am. Gen. Corp.*, 861 F.2d 897, 900 (6th Cir.1988). Under the terms of the Company's plan, Dietelbach must have been totally disabled before she would be entitled to disability pay. However, during the trial, Dietelbach testified that she was not disabled at the time that her employment ended with the Company. Indeed, she testified that she was able to perform her job duties. In addition, LaFleur testified that the Company encouraged Dietelbach to apply for disability retirement benefits, but that Dietelbach failed to provide the Company with the medical documentation necessary to deter-

mine her status. The Company informed Dietelbach that her claim had been denied because she did not provide the required medical documentation to support her claim for disability benefits. Finally, Dietelbach failed to appeal this decision within 90 days, as is required by the plan. Based on this testimony, the trial court properly concluded that Dietelbach was actually working for the Company when her employment was terminated, and that the evidence available to the Company when she applied for disability benefits showed that she was not totally disabled. Hence, the court properly determined that the Company did not act arbitrarily when it denied Dietelbach's claim for disability benefits. Dietelbach simply has not presented anything to establish that the trial court's conclusion was improper.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.